WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

United States of America, )
        Plaintiff, )
v. ) CR 08-212 TUC DCB (BPV)
) 
Richard G. Renzi, James W. Sandlin, and ) **O R D E R**
Dwayne Lequire, )
        Defendants, )
_____)

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant Renzi's Motion to Dismiss Hobbs Act Charges (Counts 1, 26 & 27). (Doc. 107.)

MAGISTRATE JUDGE'S RECOMMENDATION

On October 19, 2010, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation (R&R). (Doc. 841.) The Magistrate Judge found the Government's Second Superseding Indictment (SSI) adequately states a violation of the Hobbs Act, including identifying who was deprived of what property which was wrongfully obtained by Defendants Renzi and Sandlin. The Magistrate Judge rejected Defendant Renzi's argument that the Hobbs Act charges fail as a matter of law because it does not reach a federal employee's effort to acquire land for the benefit of the federal government.

The only Objection to Judge Velasco's R&R was filed by Defendant Renzi. He reurges the arguments made before the Magistrate Judge and argues that the Magistrate Judge wrongly decided the issues. The Government has filed a Response to Defendant Renzi's Objection. The matters are fully briefed and ready for disposition by the Court.

| | |
|---|---|
| 1 | STANDARD OF REVIEW AND CONCLUSION |

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made." *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)(C));. When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court has considered the Objection filed by the Defendant, the Government's Response, and the parties' briefs considered by the Magistrate Judge on the Motion to Dismiss the Hobbs Act counts.

OBJECTIONS

The Defendant urges the Court to find that the Hobbs Act charges are invalid as a matter of law under *Wilkie v. Robbins,* 551 U.S. 537 (2007), because the Hobbs Act does not reach a federal employee's efforts to acquire land for the benefit of the government. Alternatively, Defendant argues if the Hobbs Act applies, there can be no violation of the Act where the Government does not allege anyone was wrongfully deprived of property,

and in fact Renzi was owed the money he received from Sandlin. Finally, Renzi challenges the sufficiency of the SSI for failing to differentiate between the property-sale proceeds received by Sandlin from those received by Renzi, thereby, making it impossible to establish which payments the Grand Jury relied on in respect to its finding the Defendants received money not due them.

The Court will not repeat, but adopts in full, the detailed recounting of the SSI Hobbs Act charges, which were provided by the Magistrate Judge in the R&R at pages 3 through 5.

The Hobbs Act criminalizes interference with interstate commerce by extortion, 18 U.S.C. § 1951(a), defined as "obtaining the property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right, 18 U.S.C. § 1951(b).

### 1. The *Wilkie v. Robbins*, 551 U.S. 537 (2007) argument.

Defendant Renzi argues the government was the beneficiary of the sale of the Sandlin property and, therefore, as a matter of law the Hobbs Act case fails. In *Wilkie*, the Supreme Court considered a scenario where federal officials coerced a private property owner into giving up valuable property rights, even though the officials' motivations were with malice or bad intent. "The Court reasoned that federal employees are entitled to capitalize on their discretionary enforcement authority– to coerce property owners into granting the government rights to which it is otherwise not entitled." (Objection at 3 (citing *Wilkie*, 551 U.S. at 558 & n. 10)). "The Court concluded that the Hobbs Act did not apply as a matter of law when federal employees sought to acquire land for the benefit of the federal government." *Id.* (citing *Wilkie*, 551 U.S. at 563). Defendant Renzi argues he sought the Sandlin property for the benefit of the government, therefore, "the Hobbs Act does not apply as a matter of law." (Objection at 4.)

Defendant Renzi complains that the Magistrate Judge improperly made an "intent-based" assessment by considering Defendant's motivation in promoting the Sandlin land swap was for himself and not the government. The Magistrate Judge noted this "intent-based" distinction was rejected by the Supreme Court, and rejected it as well. (R&R at 8-9.)

- 3 -

1  The Magistrate Judge applied the relevant consideration, which is that he [Renzi] is alleged to have obtained, or attempted to obtain, *a personal benefit not due him* in the form of property." *Id.* at 9 (emphasis added).

### 2.     The No Acquisition of Property Argument

"Renzi asserts that he was entitled to the money due to him from Sandlin under the terms of the note executed in connection with Sandlin's purchase of Fountain Realty." *Id.* The Magistrate Judge correctly noted that Renzi is not charged with extorting money from Sandlin, and therefore, the existence of a prior debt between himself and Sandlin is immaterial to allegations that Renzi and Sandlin together obtained property they were not entitled to from the land exchange proponents. (SSI, Counts 26 and 27, ¶¶ 15(A), 48, 50. The facts in the SSI essentially allege that there was no *bona fide* sale of the Sandlin property.

Extortion under the Hobbs Act is a "larceny-type" offense, completed when a victim is forced to part with property and someone, either the extortioner or a third person receives the property of which the victim was deprived. (R&R at 9-10.) The public official must have obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts. *Id.* at 10 (citing *Evans v. United States*, 504 U.S. 255, 268 (1992)).

The Court agrees with the Magistrate Judge's conclusion that the SSI alleges larceny-like conduct: Defendant Renzi allegedly acted in his official capacity to wrongfully deprive the Aries Group of money paid for Sandlin's property from which Renzi obtained repayment of a personal loan from Sandlin to himself. The Aries Group did pay the money to Sandlin and Renzi did obtain the money from Sandlin. Renzi was not due any money from the Aries Group or the land exchange, and any other land exchange arrangement would not have benefitted Renzi.

### 3.     No Deprivation of Property.

Renzi argues the Hobbs Act counts fail because the Government does not allege: a property sale at an inflated price. Additionally, the right to control its business affairs was

- 4 -

not a protected right held by the Aries Group, and in respect to the land exchange, the Aries Group did not have a right to be free from outside interference.

While a net loss may suggest a sham transaction, there are other factors such as the timing of the transaction or the victim's desire to not buy a property that may also evidence a sham transaction. *United States v. Millet*, 123 F.3d 268, 275-276 (5th Cir. 1997). The SSI does not fail because it does not allege a net loss as to Aries Group due to the purchase of the Sandlin property. The SSI essentially alleges a sham transaction. (Counts 26 and 27, ¶¶ 1-14, 15(A), 16-25).

As to Renzi's reliance on *Schleidler v. NOW, Inc.*, 537 U.S. 393, 397 (2003), this is not a case where the alleged property obtained by the extortioner is an intangible property right. Here, the property allegedly obtained by Defendant Renzi was hard cash, "i.e., an asset or right that a person could transfer or sell– from the supposed victim." (Objection at 8.)

Defendant Renzi cannot rely on *Viacom Int'l Inc. v. Icahn*, 747 F. Supp 205, 211 (S.D. N.Y. 1990), where the court applied the *Enmons-Clemente* construction of the Hobbs Act. "A Hobbs Act violation arises under the *Enmons-Clemente* framework when a defendant exploits a plaintiff's fear of economic loss and receives property to which it has no lawful claim." *Cintas Corp. v. Unite Here*, 601 F. Supp.2d 571, 577 (S.D.N.Y. 2009). "Where a victim receives something of value in return for capitulating to fear of economic loss the exchange of property may be the product of lawful 'hard-bargaining' or unlawful extortion." *Id.* at 577. In the context of extortion due to fear of economic loss, the *Viacom* distinction between hard-bargaining and extortion makes sense. Then the issue is "whether the victim has a preexisting right to pursue his business interests free of the fear he is quelling." *Id.* "When a party does not have the right to pursue its business interests unchecked and receives a benefit, it cannot be the victim of extortion." *Id.* In the context of extortion by use of violence, the Ninth Circuit has declined to extend *Enmons* beyond the context of a labor dispute. *United States v. Daane*, 475 F.3d 1114, 1119 (9th Cir. 2007)

(citing *United States v. Thordarson*, 646 F.2d 1323, 1326-27 (9th Cir. 1981)); *see also*, (R&R at 14-15).

In this case, Defendant Renzi allegedly exploited the victims' fear that they would not secure congressional land exchange legislation without the Sandlin property. The Court does not believe the *Enmons-Clemente* frame work applies, but to the extent it would apply, the Magistrate Judge correctly concluded the SSI alleged extortion as compared to hard-bargaining. While the Aries Group had no right to compel a land exchange, and Defendant had every right to oppose land exchange legislation for any reason, including political reasons, the land exchange proponents did have a right to have land exchange decisions made free of kickback requirements for the personal benefit of the congressman.

4. Sufficiency Challenge to the SSI

The Court rejects Defendant Renzi's notion of a "roving prosecution" because the SSI does not specify whether the "Grand Jury's Hobbs Act charges were predicated on the Aries Group's alleged payments to Mr. Sandlin or Mr. Sandlin's alleged payments to Congressman Renzi," (Objection at 10-11), or "'whether the Grand Jury based the Hobbs Act charges on the money involved in the purchase of the [Sandlin] Property, or whether the Grand Jury based the charges on the money involved in satisfying the note,'" (R&R at 17 (quoting (Motion to Dismiss (Doc. 107) at 13-13)).

As noted by the Magistrate Judge, "[t]he SSI alleges that the Aries Group was forced to part with any payments they paid on the property as well as the contract - the promise to make further payments; Defendants allegedly attempted to obtain this same property from RCC.[1] (SSI, ¶¶ 19-25.) The indictment alleges that the 'obtaining' piece of it occurred when Sandlin accepted the cash and promise for future payments, (money "not due" Sandlin as discussed above) from the Aries Group (SSI, ¶ 25(p)-(x)), this money was allegedly split between Renzi and Sandlin when Renzi allegedly received a portion of the Aries Group

---

[1] Resolution Copper Corporation (RCC), referred to as Company A in the SSI; the Aries Group is referred to as Investment Group B in the SSI.

- 6 -

money ($733,000.00) from Sandlin (money also "not due" Renzi) (SSI, ¶¶ 25 (q)-(bb))." (R&R at 17.)

The Court finds that the allegations in the SSI would not have confused the Grand Jury as to how Sandlin and Renzi wrongfully obtained property from Aries Group nor confused the Grand Jury as to the property obtained by Sandlin and Renzi, which the SSI specified was cash and the promise of future payments.

## CONCLUSION

After *de novo* review of the issues raised in Defendant Renzi's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Dismiss the Hobbs Act Charges. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Motion to Dismiss.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's Objection, the Magistrate Judge's Report and Recommendation (Doc. 841) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Hobbs Act Charges (Doc. 107) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Sandlin's Motion for Leave to Adopt Defendant Renzi's Supplemental Objection (Doc. 847) is denied because the record does not reflect that Defendant Sandlin joined in Defendant Renzi's Motion to Dismiss (Doc. 107).

DATED this 20th day of March, 2012.

David C. Bury
United States District Judge