WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) |
| v. | ) CR 08-212 TUC DCB (BPV) |
| | ) |
| Richard G. Renzi, James W. Sandlin, and | ) **O R D E R** |
| Dwayne Lequire, | ) |
|     Defendants, | ) |

The Court accepts and adopts the Magistrate Judge's Report and Recommendation (R&R) as the findings of fact and conclusions of law of this Court and denies Defendant Renzi's Motion to Dismiss for separation of powers violations.

## MAGISTRATE JUDGE'S RECOMMENDATION

On December 12, 2011, Magistrate Judge Bernardo P. Velasco issued the R&R. (Doc. 944.) He recommends the Court should not exercise its supervisory powers to dismiss the Second Superseding Indictment (SSI) for violations by the Government of fundamental separation of powers principles by violating the Speech or Debate Clause and undermining the legitimacy and independence of the legislative branch.

## STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a R&R are set forth in Rule 59 of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). "The judge may also

receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b); *see also* Fed. R. Crim. P. 59(b)(3).

Where the parties object to a R&R, "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)(C)). When no objection is filed, the district court need not review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc). Therefore, to the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); *see also*, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

The Court has considered the Objection filed by Defendant Renzi,[1] the Government's Response, and the parties' briefs considered by the Magistrate Judge in respect to the Motion to Dismiss: Separation of Powers.

## OBJECTIONS

Defendant Renzi reurges the appropriateness of a dismissal of the action, pursuant to *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008), as a remedy for the alleged constitutional violations, "including Speech or Debate Clause, the Fifth Amendment, the Sixth Amendment, the Hatch Act, Title III, and Rule 6(e)." (Objection at 2.) Defendant Renzi argues that the Magistrate Judge made the contrary conclusion because he ignored the cumulative impact of the Government's repeated constitutional violations and, therefore, failed to recognize the substantial prejudice that Congressman Renzi suffered as a result of the Government's misconduct.

---

[1] Defendant Sandlin joins in the Objection. (Doc. 956.)

The Court agrees with the Magistrate Judge's recommendation to not reconsider its prior rulings regarding specific Speech or Debate challenges in combination with Defendant Renzi's further assertions made in this motion. The Court rejects Renzi's assertion that his political career was influenced by the Department of Justice's actions through media leaks and the timing of its investigation.[2] For all the reasons explained in the R&R, the Court finds that Defendant Renzi has failed to establish in large part many of the alleged constitutional violations, especially the Speech or Debate Clause violations, or any substantial prejudice from the Government's actions, which have not been addressed by the lesser remedial measures taken by the Court such as suppression of evidence.

CONCLUSION

After *de novo* review of the issues raised in Defendant Renzi's Objection, this Court agrees with the findings of fact and conclusions of law made by the Magistrate Judge in the R&R for determining the pending Motion to Dismiss: Separation of Powers. The Court adopts it, and for the reasons stated in the R&R, the Court denies the Motion to Dismiss.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record, in respect to the Defendant's Objection, the Magistrate Judge's Report and Recommendation (Doc. 944) is accepted and adopted as the findings of fact and conclusions of law of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss: Separation of Powers (Doc. 111) is DENIED.

DATED this 26th day of March, 2012.

David C. Bury
United States District Judge

---

[2] The Court issues an Order simultaneously which adopts a R&R issued by the Magistrate Judge to deny Renzi's Motion for an Order to Show Cause why the Government should not be held in contempt for Rule 6(e) violations.